IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRY BALL, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-10-4523 |
| § | | |
| PPG INDUSTRIES, INC., § | | |
| Defendant. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 23] filed by Defendant PPG Industries, Inc. ("PPG"), to which Plaintiff Jerry Ball filed a Response [Doc. # 25], and PPG filed a Reply [Doc. # 27]. Having reviewed the full record and the applicable legal authorities, the Court **denies** the Motion for Summary Judgment.

## **I.  BACKGROUND**

Plaintiff was a boilermaker employed by Turner Industries, Inc. ("Turner"). In December 2008, Plaintiff was working at a chemical processing facility owned by PPG. Plaintiff was rolling the bell head of the RX 100 vertical heat exchanger back into place after performing maintenance, cleaning, and hydro-testing work on the heat

exchanger.[1]  The bell head fell onto Plaintiff's foot, crushing it and allegedly causing Complex Regional Pain Syndrome.

Plaintiff filed this lawsuit against PPG, alleging that PPG failed to have "safety clips" on the RX 100 to prevent the bell head from falling.  After an adequate time to complete discovery, PPG moved for summary judgment.  PPG asserts that Chapter 95 of the Texas Civil Practice and Remedies Code shields it from liability for Plaintiff's personal injury claim.  The Motion has been fully briefed and is now ripe for decision.

## II.   STANDARD FOR SUMMARY JUDGMENT

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  The moving party bears the burden of demonstrating that there is no evidence to support the nonmoving party's case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Nat'l Union Fire Ins. Co. v. Puget Plastics Corp.*, 532 F.3d 398, 401 (5th Cir. 2008).  If the moving party meets this initial burden, the burden shifts to the nonmovant to set forth

---

[1] PPG Maintenance Engineer Hans Vidrine testified that the device is used to "condense product. . . . Vent gas goes through the top, and it basically chills it and turns that vent gas into a liquid" that is then used to manufacture the chemicals.  *See* Vitrine Depo., Exh. C to Response, pp. 35-36.

specific facts showing the existence of a genuine issue for trial. *See Hines v. Henson*, 293 F. App'x 261, 262 (5th Cir. 2008) (citing *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 278 (5th Cir. 2004)). The Court construes all facts and considers all evidence in the light most favorable to the nonmoving party. *Nat'l Union*, 532 F.3d at 401.

### III. CHAPTER 95 ANALYSIS

Chapter 95 of the Texas Civil Practice and Remedies Code preempts certain common law claims. *See Abarca v. Scott Morgan Residential, Inc.*, 305 S.W.3d 110, 126 (Tex. App. – Houston [1st Dist.] 2009, review denied) (citing *Phillips v. Dow Chem. Co.*, 186 S.W.3d 121, 131-32 (Tex. App. – Houston [1st Dist.] 2005, no pet.); *Dyall v. Simpson Pasadena Paper Co.*, 152 S.W.3d 688, 710 (Tex. App. – Houston [14th Dist.] 2004, pet. denied)). Chapter 95 provides as follows:

> A property owner is not liable for personal injury, death, or property damage to a contractor, subcontractor, or an employee of a contractor or subcontractor who constructs, repairs, renovates, or modifies an improvement to real property, including personal injury, death, or property damage arising from the failure to provide a safe workplace unless:
>
> (1) the property owner exercises or retains some control over the manner in which the work is performed, other than the right to order the work to start or stop or to inspect progress or receive reports; and
>
> (2) the property owner had actual knowledge of the danger or condition resulting in the personal injury, death, or property damage and failed to adequately warn.

TEX. CIV. PRAC. & REM. CODE § 95.003; *see also Gorman v. Ngo H. Meng*, 335 S.W.3d 797, 802 (Tex. App. – Dallas 2011, no pet.); *Abarca v. Scott Morgan Residential, Inc.*, 305 S.W.3d 110, 122 (Tex. App. – Houston [1st Dist.] 2009, review denied). In this case, it is uncontested that Chapter 95 applies. Therefore, Plaintiff has the burden to establish "(1) that the property owner exercised or retained some control over the manner in which the work was performed and (2) that the property owner had actual knowledge of the danger and did not adequately warn of that danger." *Gorman*, 335 S.W.3d at 802-03 (quoting *Rueda v. Paschal*, 178 S.W.3d 107, 111 (Tex. App. – Houston [1st Dist.] 2005, no pet.)).

A. **Control**

Control can be contractual or actual. *Abarca*, 305 S.W.3d at 122 (citing *Ellwood Tex. Forge Corp. v. Jones,* 214 S.W.3d 693, 700 (Tex. App. – Houston [14th Dist.] 2007, pet. denied) (citing *Dow Chem. Co. v. Bright,* 89 S.W.3d 602, 606 (Tex. 2002))). To exercise actual control, the property owner "must have the right to control the means, methods, or details of the independent contractor's work to the extent that the independent contractor is not entirely free to do the work his own way." *Abarca*, 305 S.W.3d at 123. "It is not enough that the owner has the right to order the work to stop and start or to inspect progress or receive reports." *Id.* "Nor is it enough to

recommend a safe manner for the independent contractor's employees to perform the work." *Id.*

In this case, Plaintiff has presented evidence that, when viewed in the light most favorable to him as the non-movant, raises a genuine issue of material fact regarding whether PPG exercised some actual control over Plaintiff's work on the RX 100. The Work Order PPG issued to Turner specifically identified the steps or "tasks" that were to be undertaken in inspecting the heat exchanger. *See* Work Order, Exh. D to Response. The Work Order described distinct tasks such as "visually inspect tube bundle for corrosion," "clean bundle using pressurized water," "conduct pressure test," "report results of pressure test," and "clean up area." *Id.* PPG Maintenance Engineer Hans Vidrine testified in his deposition that he was directly involved in overseeing the process. *See* Vidrine Deposition, Exh. C to Response, p. 74. Vidrine testified that the contract workers were not "just doing anything they want here" and were "not just doing their own thing here." *See id.* Vidrine testified also that PPG dictates how many workers are used and their daily schedule. *See id.* at 75-76.

This evidence, viewed in the light most favorable to Plaintiff, the non-movant, is sufficient for a reasonable jury to find that PPG controlled some details of Turner's (and Plaintiff's) work such that Plaintiff was not "entirely free to do the work his own

way." Plaintiff has presented evidence that raises a genuine issue of material fact on the Chapter 95 issue of actual control.

### B.     Actual Knowledge and Failure to Warn

To avoid summary judgment, Plaintiff must present evidence that raises a genuine issue of material fact that PPG had "actual knowledge of the danger or condition resulting in the personal injury . . . and failed to adequately warn." *Abarca*, 305 S.W.3d at 122 (quoting TEX. CIV. PRAC. & REM. CODE § 95.003).  For purposes of Chapter 95, a property owner owes a duty to warn of known dangers.  *See Painter v. Momentum Energy Corp.*, 271 S.W.3d 388, 401 (Tex. App. – El Paso 2008, review denied), and cases cited therein.  There is no evidence that PPG warned Turner or Plaintiff that the RX 100 did not have "safety clips."

Plaintiff has presented evidence which, when viewed in his favor as the non-movant, raises a genuine issue of material fact regarding PPG's actual knowledge "of the danger or condition" that allegedly caused Plaintiff's injury.  PPG Maintenance Engineer Vidrine testified that the other two heat exchangers, RX 600 and RX 900, had either safety clips or "lugs" that would prevent the bell head from falling, and that the clips or lugs were installed after the exchangers were delivered to PPG in 1996. *See* Vidrine Depo., pp. 10-11, 42, 62-63.  PPG Corporate Representative Thomas Narbit testified in deposition that the RX 600 and the RX 900 did not have safety clips

or lugs originally and, therefore, "someone said that they needed to make the change." *See* Narbit Depo., Exh. E to Response, p. 33. No safety clips were installed on the RX 100 on which Plaintiff was working at the time of his injury. *See* Vidrine Depo., p. 11.

Vidrine also testified about photographs of the RX 100 that were taken before the accident. *See id.* at 43. The photographs were in PPG's files and show that there were no safety clips on the bell head of the RX 100. *See id.* at 44. PPG required such photographs to be taken during an inspection, and Vidrine would review the inspection report, including the photographs. *See id.* at 49. This evidence, viewed in the light most favorable to the non-movant, raises a genuine issue of material fact regarding whether PPG had actual knowledge that the RX 100 did not have safety clips or lugs similar to those installed by PPG on the other two heat exchangers, the RX 600 and the RX 900.

Additionally, the installation of the safety clips or lugs on the other two heat exchangers is evidence that PPG had actual knowledge that the presence of safety clips or lugs to prevent the bell head from falling was a safety-related improvement to the heat exchangers. Indeed, PPG Corporate Representative Narbit testified that the safety clips or lugs "are additional safety measures." *See* Narbit Depo., p. 34.

Plaintiff has presented evidence to raise a genuine fact dispute regarding the second requirement for Chapter 95's exception to its general rule precluding liability.

## IV. CONCLUSION AND ORDER

Plaintiff has presented evidence that raises a genuine issue of material fact regarding PPG's potential liability under the exception contained in Chapter 95.[2] Accordingly, it is hereby

**ORDERED** that PPG's Motion for Summary Judgment [Doc. # 23] is **DENIED**. The case remains scheduled for docket call on **July 31, 2012**, unless settled prior to that date.

SIGNED at Houston, Texas, this **27th** day of **June, 2012**.

*(signed)*
Nancy F. Atlas
United States District Judge

---

[2] The Court's ruling that Plaintiff has presented sufficient evidence to raise a genuine issue of material fact and avoid summary judgment is not intended to express any opinion regarding whether Plaintiff will be able to satisfy his burden to prove the Chapter 95 requirements at trial, or be able to prove that the absence of the safety clips caused his injury, or be able to prove his alleged damages to the satisfaction of the jury.